UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ISLAND SOFTWARE & COMPUTER SERVICE, INC.,

                        Plaintiff and
                        Counter-Defendant,       **ORDER**
                                                                      CV01-750(WDW)
       -against-

MICROSOFT CORP.,

                        Defendant and
                        Counter-Claimant,
       -against-

MICHAEL BRUNNER,
                        Counter-Defendant
----------------------------------------------------------------X

**WALL, Magistrate Judge:**

      In January 2003, the undersigned granted Microsoft Corporation summary judgment, and awarded it $240,000 in statutory damages – $30,000 for each of the eight copyrighted works at issue – along with costs and attorney's fees in the amount of $67,955.06. A permanent injunction was also entered. Familiarity with the January 2003 Memorandum and Order is assumed.

      The plaintiffs/counter defendants appealed the decision to the Second Circuit, which upheld the grant of summary judgment but vacated the "remedial portion of the . . . summary judgment order, including statutory damages, costs, fees and injunctive relief." *Island Software and Computer Svce., Inc. v. Microsoft Corp.*, 413 F.3d 257, 266 (2d Cir. 2005). In granting summary judgment to Microsoft, the undersigned found that Island Software and Michael Brunner had acted willfully, but the Second Circuit found that, although strong evidence existed to support an inference of willfulness, it was not "beyond peradventure that a reasonable jury would conclude otherwise. And that is enough to make summary judgment on the issue of willfulness inappropriate." *Id.* at 264.

Thus, the Court remanded the case for reconsideration of the remedial relief. In doing so, the Second Circuit "emphasize[d] . . . that the [district] court's reliance on a finding of willfulness was unnecessary to the relief it awarded. Under the Copyright Act, there is no need for an infringer to act willfully for it to be sanctioned as the court sanctioned Island. And so it may well be that the identical remedies that we are currently vacating are reimposed upon Island following remand." *Id.* at 265.

After the remand, a status conference was held to discuss the situation, and the parties submitted papers in support of their positions - the plaintiffs/counter-defendants to reduce the award and the defendant to reinstate it without a finding of willfulness. [##99,101,102,104] The court has reconsidered the issues, and finds that because the underlying damages award was based in part on the finding of willfulness, it cannot be reinstated, although the fees, costs and injunctive relief can be. Microsoft has two choices - it can opt to go to trial on the issue of willfulness, the only factual finding overturned by the Second Circuit, or it can accept the revised damages as outlined *infra*.

**Damages:**

This court earlier awarded Microsoft damages in the amount of $30,000 per work infringed, for a total of $240,000[1]. A finding of willfulness is not necessary for the award of that amount of damages. As the Second Circuit noted, "a district judge has wide discretion in setting the statutory damage award anywhere between $750 and $30,000 for each work infringed," willfulness notwithstanding. 413 F.3d at 265. However, in awarding the full amount of non-

---

[1] Although the counter-defendants argue that only two and not eight copyrighted works are at issue, that issue was either not raised in the Second Circuit or the award of damages based on eight works was not overturned. In either case, the issue is not open for reargument.

enhanced statutory damages sought by Microsoft, this court considered "all of the relevant factors, including the finding that Island's and Brunner's behavior amounted to reckless disregard or willful blindness," that is, willfulness. 1/24/03 M&O at 40-41. Setting aside the finding of willfulness, the court would award Microsoft damages in the amount of $15,000 per work, or $120,000.

**Attorney's Fees and Costs:**

In the earlier order, the court awarded Microsoft $11,131.26 in costs and $56,823.80 in attorney's fees, and they seek reinstatement of that award. A finding of willfulness is not necessary to an award of fees and costs under the Copyright Act, which allows that the court "in its discretion may allow the recovery of full costs by . . . any party . . . [and] may also award a reasonable attorney's fee to the prevailing party as part of costs." 17 U.S.C. §505.

Prior to the Supreme Court decision in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), the Second Circuit applied a dual standard, which differed as to whether the prevailing party was a plaintiff or a defendant. *See Clark v. Hudson Bay Music, Inc.,* 104 F.3d 351 (1996). *Fogerty* rejected the dual standard and held that there is no precise rule or formula to be applied, but instead "equitable discretion" should be exercised in light of such considerations as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." 114 S.Ct. at 1033, n.19 (internal citations omitted).

In awarding the fees and costs, this court applied the *Fogerty* factors, noting that the "objective unreasonableness" factor has been accorded substantial weight, and finding that the counter-defendants lacked a reasonable basis for believing themselves to be innocent of infringing activities, and referencing the section of the decision that discussed willful infringement. 1/23/03

3

M&O at 42 (citing *Matthew Bender v. West Publ'g,* 240 F.3d 116, 121 (2d Cir. 2001)). The Second Circuit noted that our "assessment of costs and attorney's fees . . . relied on the court's finding of willfulness"  413 F.3d at 265.

Having reconsidered the issue absent a finding of willfulness, the court adheres to its former award. Willfulness aside, the court still finds that the counter-defendants' behavior to have been <u>objectively</u> unreasonable, both factually and legally, and finds that the reductions already made in the fees sought are sufficient for an award of fees and costs where no finding of willfulness has been made. Thus, the court reinstates the award of $11,131.26 in costs and $56,823.80 in attorney's fees.

**Injunctive Relief:**

As noted in the January 23, 2003 order, when a copyright plaintiff has established liability and a threat of continuing infringement, he is entitled to an injunction. *See Blue Ribbon Pet Prods., Inc. v. Rolf C. Hagen (USA) Corp.,* 66 F.Supp. 2d 454, 464 (E.D.N.Y. 1999)(internal citations omitted); *see also Nimmer on Copyright,* §14.06[B] at 14-117 (Dec. 1997) (abuse of discretion to deny permanent injunction where plaintiff has proven liability and threat of continuing infringement.) In the earlier order, Microsoft proved liability and the court found a threat of continuing infringement. The Second Circuit vacated the injunction based on the district court's reliance on its finding of willfulness. 413 F.3d at 265. Nothing in the Second Circuit decision leads the court to revise those findings or to alter the injunctive relief. Microsoft did prove liability, and even if the counter-defendants' behavior cannot be viewed as willful, it does provide a basis for finding that there is a threat of continuing infringement. Microsoft is thus entitled to its permanent injunction.

Microsoft shall inform the court and the counter-defendants in writing no later than April

28, 2006 whether it will accept the damages award of $120,000 or will go to trial on the issue of willfulness.

Dated: Central Islip, New York
April 13, 2006

**SO ORDERED:**

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge